**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

**REGINALD JEFFERSON,**

**Plaintiff,**

**v.**

**OFFICIAL K. WALANCE, *et al.*,**

**Defendants.**

**Case No. 1:26-cv-99-LAG-CHW**

**ORDER AND RECOMMENDATION**

Plaintiff Reginald Jefferson, an inmate in the Dougherty County Jail in Albany, Georgia, filed a complaint under 42 U.S.C. § 1983. ECF No. 1. He also moved for leave to proceed without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a). ECF No. 2. The Court granted Plaintiff's motion to proceed *in forma pauperis* ("IFP"), and Plaintiff paid an initial partial filing fee. ECF No. 4 at 1. Therefore, Plaintiff's complaint is ripe for preliminary review. On preliminary review, Plaintiff shall be allowed to proceed on his excessive force claim against Defendant Walance, but it is recommended that his claims against the Dougherty County Jail be dismissed.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

**I. Standard of Review**

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints

filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citation omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of

a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (per curiam) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II. Factual Allegations

Plaintiff's claims arise out of his incarceration in the Dougherty County Jail. ECF No. 1 at 5. According to Plaintiff, Defendant "Official" K. Walance transported him and another inmate to a medical appointment, and on their way back, Walance told Plaintiff that he would "choke [Plaintiff] out until [Plaintiff] tap[s] out."[1] *Id.* When they returned to the "pod," Plaintiff went to his room and closed the door. *Id.* Walance came to Plaintiff's door and demanded to know why he had closed the door. *Id.* After he instructed another officer to unlock the door, Walance entered Plaintiff's room, turned him

[1]While not explicitly alleged, it appears the incident took place on Tuesday, June 30, 2026. ECF No. 1 at 4-5.

around, grabbed him by his neck, and put him in a choke hold. *Id.* Plaintiff states that he got down on his knees while Walance was choking him. *Id.* Because of the pressure to his neck, Plaintiff could not breathe and passed out, resulting in him hitting the floor and knocking a tooth loose. ECF No. 1 at 5. The next day, Walance told Plaintiff that he could have killed him. *Id.*

**III. Plaintiff's Claims**

Plaintiff's allegations raise a claim of excessive force. Plaintiff appears to have been a pretrial detainee at the time and, therefore, the Fourteenth Amendment excessive force standard applies.[2] "To establish a claim for excessive force in the Fourteenth Amendment context, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022) (quoting *Kingsley v. Hendrickson*, 576 U.S. 289, 396-97 (2015)).

---

[2]Plaintiff does not explicitly state that he was a pretrial detainee, but on the portion of the standard form asking him to identify the sentence he is now serving, he states "N/A." ECF No. 1 at 1. The Fourteenth Amendment excessive force standard applied to pretrial detainees requires less to state a claim than the Eighth Amendment excessive force standard applied to convicted prisoners. *Compare Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022) ("To establish a claim for excessive force in the Fourteenth Amendment context, 'a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" (quoting *Kingsley v. Hendrickson*, 576 U.S. 289, 396-97 (2015))), with *Hudson v. McMillian*, 503 U.S. 1, 6-8 (1992) (holding that to establish a claim for excessive force in the Eighth Amendment context, a prisoner must show both that the force used was objectively unreasonable and that the defendant acted with a malicious and sadistic purpose to inflict harm). However, even if the Court used the more-demanding Eighth Amendment standard, it would still allow this claim to proceed against Defendant Walance for further factual development.

There is no precise test to determine reasonableness because "objective reasonableness turns on the 'facts and circumstances of each particular case.'" *Kingsley*, 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Preserving and maintaining jail security and discipline may require jail officers to use force. *Piazza v. Jefferson Cnty., Ala.*, 923 F.3d 947, 953 (11th Cir. 2019) (quoting *Kingsley*, 576 U.S. at 397). "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Graham*, 490 U.S. at 396-97. The Court in *Kingsley* provided a non-exclusive list of factors that a court may consider in determining the reasonableness of force used in any given situation. These factors include:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 576 U.S. at 397.

Plaintiff's allegations are sufficient to raise a claim that Defendant Walance gratuitously used force on Plaintiff without any apparent need or security threat, without any resistance from Plaintiff, and with such force as to cause Plaintiff to pass out and hit the floor, causing a tooth to be knocked loose. ECF No. 1 at 5. An officer's gratuitous use of force on a detainee who is not struggling, resisting, or posing any danger to the officer can constitute excessive force. *See, e.g., Hadley v. Gutierrez*, 526 F.3d 1324, 1330 (11th Cir. 2008) (officer who punched plaintiff in stomach while plaintiff "was handcuffed

and not struggling or resisting" was "not entitled to use any force at that time"). Plaintiff's excessive force claim against Defendant Walance shall therefore proceed for further factual development.

Plaintiff also appears to name the Dougherty County Jail as a Defendant. ECF No. 1 at 4. County jails and county sheriff's offices are not legal entities subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n.1 (11th Cir. 2008) (per curiam); *Bunyon v. Burke Cnty.*, 285 F. Supp. 2d 1310, 1328 (S.D. Ga. 2003). Plaintiff has therefore failed to state a claim upon which relief may be granted against the Dougherty County Jail, and these claims should be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiff's excessive force claim against Defendant Official K. Walance shall proceed for further factual development. It is **RECOMMENDED**, however, that his claims against the Dougherty County Jail be dismissed without prejudice.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Objections to the Recommendation are limited in length to twenty (20) pages.

A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

**ORDER FOR SERVICE**

Having found that Plaintiff has made colorable constitutional violation claims against Defendant Official K. Walance, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

**DUTY TO PROSECUTE ACTION**

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that

discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may**

**result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

**IT IS FURTHER ORDERED** that Defendant comply with the attached "Required Disclosure of the Existence of Video or Photographic Evidence When Plaintiff Files Suit Against One or More Georgia Department of Corrections Employees Relating to Events That Occurred During Plaintiff's Incarceration within the Georgia Department of Corrections."

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred-twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED and RECOMMENDED**, this 26th day of August, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

**REQUIRED DISCLOSURE OF THE EXISTENCE OF VIDEO OR PHOTOGRAPHIC EVIDENCE WHEN PLAINTIFF FILES SUIT AGAINST ONE OR MORE GEORGIA DEPARTMENT OF CORRECTIONS EMPLOYEES RELATING TO EVENTS THAT OCCURRED DURING PLAINTIFF'S INCARCERATION WITHIN THE GEORGIA DEPARTMENT OF CORRECTIONS**

Counsel for the Defendant shall confer with the Defendant and with appropriate Georgia Department of Corrections ("GDC") staff, and no later than 30 days from the date of entry of this Required Disclosure file the following disclosures:

(1) State whether, at the time of the incident alleged in the complaint, the facility had stationary or mounted cameras in the area where that incident allegedly occurred.

(2) If so, state whether those cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and the identity of the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(3) State whether body-worn or handheld cameras recorded the events alleged by Plaintiff, whether those recordings have been preserved, and identify the custodian of the recordings. If the recordings have not been preserved, explain in detail why.

(4) If Plaintiff complains of a use of force (either anticipated, spontaneous, or unanticipated) as that term is defined in the GDC Standard Operating Procedure, Use of Video Recording Equipment, Policy No. 204.11, and the GDC Standard Operating Procedure, Use of Force and Restraint for Offender Control, Policy No. 209.04, identify the custodian of any recordings of the events alleged. If there are no available recordings, explain in detail why the events were not recorded or, if recorded but no longer available, why the recordings were not preserved.

(5) Identify all GDC employees contacted to gather the information required by this disclosure.

Counsel is directed to preserve all video recordings and any photographs that may have captured the events giving rise to the complaint. Failure to do so may result in the imposition of sanctions.